## (October 15, 1963)

■ GLADYS L. ROBINSON, Respondent-Appellant, v. WILDENSTEIN & CO., INC., Appellant-Respondent.— Order, entered on June 26, 1963, unanimously reversed and vacated on the law and on the facts, and in the exercise of discretion, without costs, and motion for the issuance of a commission to take the testimony of certain witnesses residing in Italy denied, without costs. The vital issue in this action involves the authenticity of a certain painting ascribed to a Venetian painter of the sixteenth century, and the resolving of the issue will rest upon the evaluating and weighing of expert testimony. The expert testimony to be presented by plaintiff will represent the crux of her case, and, in order that crucial issues of credibility be properly resolved, it is most important that the experts appear before the trier of the facts and that the defendant be allowed the opportunity before such trier of a searching and full cross-examination in light of their direct testimony and the facts as they are developed on the trial. The plaintiff does not show a lack of availability in New York of art critics and experts who would be well qualified to judge and testify with respect to the genuineness of the particular painting. So, if we assume that the court

may in a proper case direct the taking by deposition of the testimony of non-resident expert witnesses (but see CPLR, § 3101, subd. [d]; *Reif* v. *Gebel*, 246 App. Div. 776), nevertheless, the motion should have been denied for the failure to make a sufficient and proper showing that the proposed depositions were necessary in prosecution of this action. Concur — Breitel, J. P., Rabin, McNally, Stevens and Eager, JJ.