■ Mahmut Karaduman, Respondent, v Newsday, Inc., et al., Appellants. — Order, Supreme Court, New York County (Alvin F. Klein, J.), entered February 17, 1983, granting plaintiff's motion for an order directing that an open commission be issued to Merter Avcioglu, Esq. to take depositions of Orhan Alaettin Erbug and Omer Aygun, nonparty witnesses, in the Republic of Turkey, modified, on the law, without costs or disbursements, to direct deposition of the nonparty witnesses on written questions, and otherwise affirmed. The defendant Newsday published a series of articles entitled "The Heroin Trail", later republished in book form, describing the narcotics supply routes from Asia through Europe to the United States. The plaintiff, suing in libel, alleges that the reporters for the series claimed that they had obtained information from the underworld that he was one of 60 Turkish businessmen involved in the drug trade and that they also claimed that this was confirmed by three Turkish police officials, Labernas, Erbug and Aygun. According to plaintiff's counsel the three officials have, by notarized statements, denied any knowledge of the plaintiff's involvement in drug traffic and any statements to the reporters about the plaintiff. Plaintiff's counsel later obtained affidavits from these officials confirming their notarized statements. Labernas has been deposed in New York. Proffering various reasons, Erbug and Aygun refuse to be deposed outside of Turkey. Plaintiff then moved for the instant order for an open commission to depose orally the witnesses in Turkey. Special Term granted the order, holding the request necessary to the plaintiff's prosecution of the action and the most convenient way to obtain disclosure. A party seeking an open commission must demonstrate that the testimony sought is not only necessary to his prosecution of the case but also is otherwise unavailable (*Bator v Hungarian Commercial Bank of Pest*, 275 App Div 826; see, also, *Robinson v Wildenstein & Co.*, 19 AD2d 807). The information sought here is

necessary to the plaintiff's case, but it has not been demonstrated that it is otherwise unavailable to the plaintiff. The proposed witnesses have already given affidavits favorable to the plaintiff, the substance of which is readily available to him upon written questions. This method of procedure is urged by Newsday which faces the task of testing the witnesses' stated position through cross-examination. Given these circumstances and Newsday's claim of a hostile environment for it in Turkey, we find it an abuse of discretion to have ordered an open commission. Concur — Sullivan, J. P., Silverman, Lynch, Milonas and Alexander, JJ.